UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUAN ESTEBAN LOPEZ LOZANO,
CURRENT DETENTION
FACILITY: AURORA ICE
PROCESSING CENTER;

        Plaintiff,                 Case No. 2:25-cv-1066-KCD-NPM

    v.

U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT,
DIRECTOR  MIAMI FIELD
OFFICE, IMMIGRATION AND
CUSTOMS ENFORCMENT,

        Defendants,

_____/

## ORDER

Petitioner Juan Esteban Lopez Lozano is a citizen of Colombia currently detained by U.S. Immigration and Customs Enforcement. He asks this Court to release him, arguing that his arrest at a music festival was unlawful, racially motivated, and carried out by people who lacked the authority to detain him. (Doc. 1.) He essentially claims that because the initial stop was bad, his current detention must be too. (*Id.* at 1-2.)[1] For the reasons below, Lozano's *pro se* habeas corpus petition is **DENIED**.

---

[1] Lozano's pleadings are not paginated. So for ease of reference, the Court will cite to the page numbers generated by its electronic filing system.

## I. Background

The underlying facts are straightforward. Lozano illegally entered the United States in 2021. (Doc. 6 at 2.) This past November, he attended a music festival in Orlando where he was stopped by Border Patrol agents. (Doc. 1 at 1.) When questioned, Lozano admitted he was born in Colombia. He produced an employment authorization card but could not provide proof of lawful status. A records check confirmed that while his work card was valid, he had no legal status in the United States. (Doc. 6 at 2-3.)

The agents arrested Lozano. He was held at the Orange County Jail for a few days before landing at Alligator Alcatraz, where he filed the instant petition for habeas corpus under 28 U.S.C. § 2241. (Doc. 1 at 1.) Lozano has been served with a Notice to Appear, charging him with being removable for entering without inspection. (Doc. 6 at 3.)

## II. Discussion

There are several problems with the habeas petition that prevent relief. For starters, Lozano presses claims that are not cognizable under § 2241. A writ of habeas corpus is the remedy for someone seeking release from unlawful confinement. It challenges the fact or duration of detention. *See, e.g.*, *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006). It is not a catch-all bucket for complaints about police misconduct, past mistreatment, or the conditions of confinement. *See Houston v. Pearce*, No. 1:21-CV-0582-LMM-

CMS, 2021 WL 11718540, at *1 (N.D. Ga. Feb. 18, 2021). Yet Lozano largely focuses on his arrest, claiming "racial profiling" and "illegal seizure." (Doc. 1 at 1.) These are classic civil rights claims—the kind usually brought under 42 U.S.C. § 1983.

In any event, this Court lacks jurisdiction to address Lozano's arguments about the Government's decision to arrest and hold him. *See Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013) (finding no jurisdiction to address detainee's claims that police "illegally procured an arrest warrant, that the agents illegally arrested him, and that the agents illegally detained him"); *see also Alvarez v. U.S. Immigr. & Customs Enf't*, 818 F.3d 1194, 1203 (11th Cir. 2016).

The only cognizable claim the Court can discern is under the Fifth Amendment, where Lozano challenges the legality of his continued detention. (Doc. 1 at 4-5.) But Lozano has been in custody for about two months. That is far short of the constitutional threshold in this context. *See Sopo v. U.S. Att'y Gen.*, 825 F.3d 1199, 1217 (11th Cir. 2016) ("[T]here is little chance that a[n] . . . alien's detention is unreasonable until at least the six-month mark."); *see also Kameron v. Dep't of Homeland Sec.*, No. 7:19-CV-16-WLS-MSH, 2020 WL 9460465, at *3 (M.D. Ga. Mar. 27, 2020) (finding "no basis to conclude that Petitioner's now eighteen-month detention is unreasonable").

The record shows that Lozano is present in the United States without admission, that he was served with notice, and that the government has commenced removal proceedings. His claims consist of broad, conclusory accusations that are both factually and legally disconnected from the remedy he seeks. Because Lozano has failed to demonstrate any violation of the Constitution or laws of the United States that is cognizable or would necessitate his release, the habeas petition must fail. The Clerk is directed to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on January 15, 2026.

Kyle C. Dudek
United States District Judge